**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NYOKA CURTIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-2231 |
| | § | |
| BP AMERICA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

I.     **Background**

This case arises out of the explosion of the DEEPWATER HORIZON in the Gulf of Mexico

on April 20, 2010.  Stephen Curtis, an assistant driller, died in the explosion.  Wyman Wheeler, a

toolpusher, suffered severe injuries.  Curtis's estate and family — referred to in this opinion as

"Curtis" — and Wheeler sued under the Jones Act, 45 U.S.C. § 51, *et seq.*, and maritime law in state

court.  The defendants removed, arguing that the Jones Act claims were fraudulently pleaded and

that the jurisdictional provision of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.

§ 1349, provided a basis for removal.[1]  The defendants also moved to stay the case pending the

decision of the Judicial Panel on Multidistrict Litigation ("JPML") whether to transfer the case to

the MDL court in New Orleans, Louisiana.  (Docket Entry No. 4).  Curtis and Wheeler moved to

remand, asserting that their claim to be borrowed employees under the Jones Act precluded removal

of all claims; that neither maritime law nor OCSLA provide a basis for removal; and if there is a

basis to remove, the forum-defendant rule prevents it.  (Docket Entry No. 8).  Curtis and Wheeler

---

[1]  The defendants are BP Exploration & Production Inc., BP America, Inc., BP Products North America Inc., and Halliburton Energy Services Inc.

argued that this court should decide — and grant — the motion to remand before the JPML considers whether to transfer the case.  (Docket Entry No. 10).  The defendants replied that this case is similar to *Meinhart v. Halliburton Energy Services, Inc.*, Civ. A. No. H-11-0073, 2011 WL 1463600 (S.D. Tex. Apr. 4, 2011), in which this court stayed proceedings pending transfer without addressing the plaintiff's motion to remand.  (Docket Entry No. 11).

Based on the record; the motions, response, and reply; and the applicable law, this court grants the motion to stay.  The reasons are explained below.

## II.     The Legal Standard for a Motion to Stay Pending JPML Action

The pendency of a motion to transfer before the JPML does not divest a court of jurisdiction over the case.  J.P.M.L.R. 2.1(d); *Morales v. Am. Home Prods. Corp.*, 214 F. Supp. 2d 723, 725 (S.D. Tex. 2002) ("It is abundantly clear that a conditional transfer order does not affect or suspend any pretrial proceedings in this Court.").

 "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Whether to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55.  Many courts have followed the three-step procedure set out in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), to determine whether to rule on a motion to remand or stay the case.  15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3866.1 (citing cases).  If the remand motion appears not to be "legally or factually difficult" after "preliminary scrutiny," the court should remand the case to state court.  *Meyers*, 143 F. Supp. 2d at 1049.  Remand under step one is generally appropriate when "removal was clearly improper." *McClelland v. Merck & Co.*, Civ. A. No. 06-00543 JMS/BMK, 2007 WL 178293, at *2

(D. Haw. Jan. 19, 2007) (quoting *Leeson v. Merck & Co., Inc.*, No. S-05-2240 WBS PAN, 2006 WL 3230047, at *3 (E.D. Cal. Jan. 27, 2006)).  If the motion appears difficult, the court should determine whether similar issues appear in cases consolidated before the MDL court.  *Meyers*, 143 F. Supp. 2d at 1049.  If not, the court may decide the remand motion.  If so, the court should determine whether a stay is appropriate.

Under the *Meyers* approach, if the motion to remand presents difficult issues that are common to cases that will be transferred in the MDL court, a stay is generally appropriate.  *See Bd. of Trustees of the Teachers' Retirement Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002); *see also Morales*, 214 F. Supp. 2d at 725 ("This Court has sometimes deferred to the MDL court when presented with an issue likely to be common among all other cases throughout the nation.").  Three factors are generally relevant to a stay when the JPML will consider transfer: (1) potential prejudice to the nonmovant; (2) hardship and inequity to the movant if the action is not stayed; and (3) the judicial resources to be saved by avoiding duplicative litigation if the cases are consolidated.  *Trahan v. BP*, Civ. A. No. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010) (citing *Cajun Offshore Charters v. BP Prods. N. Am.*, Civ. A. No. 10-1341, 2010 WL 2160292, at * 1 (E.D. La. May 25, 2010)).

## III.    Analysis

The DEEPWATER HORIZON's explosion has garnered international attention and resulted in hundreds of lawsuits throughout the country.  The JPML consolidated most of the litigation before a court in New Orleans, Louisiana in August 2010.[2]  In many of these cases, the defendants have moved to stay proceedings pending the JPML's decision whether to transfer the cases.  Courts

---

[2]  Cases involving securities, shareholder, and ERISA claims were consolidated before another court of this district.

generally have granted the requests, citing such reasons as the need to coordinate discovery in the large number of cases, the burden to the defendants of litigating in so many forums at once, judicial economy, and the need to avoid inconsistent results.  (*See* Docket Entry No.4, Ex. E (collecting orders granting a stay in DEEPWATER HORIZON cases)).[3]  In only a few cases have courts denied motions to stay the litigation.[4]  In *Shemper v. BP America, Inc.*, No. 2:10cv138-KS-MTP, 2010 WL 2867849 (S.D. Miss. July 19, 2010), the court denied a motion for a stay after concluding that it was unnecessary; under the scheduling order, no discovery could take place, so the case was "already stayed for all practical purposes."  *Id.* at *1.  Noting that the defendants would have to file answers regardless whether the case was transferred and that requiring answers would pose no risk of inconsistent verdicts, the court declined to stay the deadline to answer.  *Id.*  Another court considering motions filed before the JPML began consolidating cases in New Orleans denied those requests as "premature."  *See, e.g.*, *Barber v. BP, PLC*, Civ. A. No. 10-0263-WS-B, 2010 WL 2266760, at *2 (S.D. Ala. June 4, 2010).  Because the JPML would decide whether to consolidate the DEEPWATER HORIZON cases within months, the court concluded that "the only tangible effect of entering a stay . . . would be to allow defendants a three-month reprieve after service of process before being required to answer the allegations brought by plaintiffs."  *Id.*  The court noted

---

[3]  Some of these decisions are available in commercial databases.  *Trahan v. BP*, Civ. A. No. H-10-3198, 2010 WL 4065602 (S.D. Tex. Oct. 15, 2010); *Esquivel v. BP Co. N. Am., Inc.*, Civ. A. No. B-10-227, 2010 WL 4255911 (S.D. Tex. Oct. 14, 2010); *Barber v. BP, PLC*, Civ. A. No. 10-0263-WS-B, 2010 WL 3270229 (S.D. Ala. Aug. 16, 2010); *Nguyen v. BP Exploration & Production, Inc.*, Civ. A. No. H-10-2484, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010); *Brandt v. BP, P.L.C.*, Civ. A. No. No. 2:10-cv-01460, 2010 WL 2802495 (D.S.C. July 14, 2010); *Litchfield Co. v. BP, P.L.C.*, Civ. A. No. 2:10-cv-01462, 2010 WL 2802498 (D.S.C. July 14, 2010); *Divine Fish House, Inc. v. BP, P.L.C.*, Civ. A. No. 2:10-cv-01461, 2010 WL 2802505 (D.S.C. July 14, 2010); *Cynthia Joannou Revocable Trust v. BP, PLC*, No. 2:10-cv-380-FtM-36SPC, 2010 WL 2757413 (M.D. Fla. July 13, 2010); *Sevel v. BP, PLC*, Civ. No. 1:10cv179-HSO-JMR, 2010 WL 2867860 (S.D. Miss. May 27, 2010); *Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, Civ. A. No. 10-1341, 2010 WL 2160292 (E.D. La. May 25, 2010).

[4]  The plaintiffs cite orders denying stays in three cases before other courts of this district. (Docket Entry No. 10, at 2–3). It is unclear from the summary orders, however, why those motions were denied.  These summary orders are of limited assistance to this court's analysis.

that it was too early in the case before it and in cases before other courts for discovery conflicts to emerge and that the transferee court would benefit if the cases coming to it had answers filed and threshold legal issues briefed. *Id.*[5] After the JPML consolidated the cases in New Orleans, however, that court decided to stay the case, including the requirement to file answers. *Barber v. BP, PLC*, Civ. A. No. 10-0263-WS-B, 2010 WL 3270229, at *1 (S.D. Ala. Aug. 16, 2010). The court noted that the transferee court had stayed the deadline for answers and Rule 12(b) motions, indicating that the transferee court did not see the same advantage to having answers and threshold briefing filed before transfer. *Id.* In *Phillips v. BP PLC*, No. 4:10cv259-RH/WCS, 2010 WL 3257737 (N.D. Fla. Aug. 17, 2010), the court addressed a remand motion based on a slightly different OCSLA argument — that the court lacked subject-matter jurisdiction[6] — denied the motion to remand, and stayed further proceedings. *Id.* at *1. The court concluded that the case was "plainly within the terms of the statute" granting jurisdiction. There was no risk of inconsistent outcomes because the Fifth Circuit has held that OCSLA provides federal jurisdiction. *Hufnagel v. Omega Serv. Indus., Inc.*, 192 F.3d 340, 350–51 (5th Cir. 1999).

Among the reasoned and available decisions, only one appears inconsistent with *Meyers*. In *St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, — F. Supp. 2d —, 2011 WL 915300, at *3 (D. Del. Mar. 15, 2011), the court denied the stay and granted the motion to remand.

---

[5] The same court entered similar orders in *Sunrise Rentals Enters. v. BP, PLC.*, Civ. A. No. 10-0261-WS-M, 2010 WL 2266772 (S.D. Ala. June 4, 2010); *Hopkins v. Transocean, Ltd.*, Civ. A. No. 10-0221-WS-C, 2010 WL 2104548 (S.D. Ala. May 25, 2010); *Billy's Seafood, Inc. v. Transocean Holdings, Inc.*, Civ. A. No. 10-0215-WS-B, 2010 WL 2104610 (S.D. Ala. May 25, 2010); *Trahan v. BP, PLC*, Civ. A. No. 10-0198-WS-B, 2010 WL 2104613 (S.D. Ala. May 25, 2010); *Fishburn v. BP, PLC*, Civ. A. No. 10-0248-WS-C, 2010 WL 2104624 (S.D. Ala. May 25, 2010); *Paul v. BP, PLC*, Civ. A. No. 10-0245-WS-N, 2010 WL 2104626 (S.D. Ala. May 25, 2010); *Marine Horizons v. BP, PLC*, Civ. A. No. 10-0227-WS-N, 2010 WL 2104629 (S.D. Ala. May 25, 2010).

[6] The plaintiffs in this case do not dispute that OCSLA gives this court jurisdiction to hear the case. They argue that 28 U.S.C. § 1441(b) does not allow removal. It is this issue that the Fifth Circuit has twice called a "conundrum." *Mendez v. Anadarko Petroleum Corp.*, Civ. A. No. H-10-1755, 2010 WL 5343181, at *3 (S.D. Tex. Dec. 20, 2010).

The motion to remand involved one of the issues also present here, whether OCSLA provides a basis for removal. The JPML had granted a conditional transfer order, to which the plaintiff had objected. The court believed that the JPML would "fairly quickly deny" the plaintiff's objection and transfer the case to New Orleans. *Id.* at *2. The court found the potential lengthy wait in the transferee court to weigh against a stay. The court conceded that there was "some risk of inconsistency" if it decided the motion to remand, as "[s]ome of the issues presented by [the] motion to remand are difficult and some are novel." *Id.* at 3. The court determined that it could reduce that risk by "treat[ing] the Fifth Circuit opinions as highly persuasive authority." *Id.* But no Fifth Circuit precedent speaks to the OCSLA removal, and the Fifth Circuit has twice referred to the issue as a "conundrum." *Mendez*, 2010 WL 5343181, at *3. The court determined, however, that removal based only on OCSLA conflicted with the forum-defendant rule, noting that "no Fifth Circuit authority compels the conclusion that the forum defendant rule does not apply here." *St. Joe. Co.*, 2011 WL 915300, at *10. Because there was no other basis for removal, the court ordered remand.[7]

This court followed the *Meyers* approach in *Meinhart* and concluded that a stay was appropriate. As the defendants note, *Meinhart* involved facts and was in a procedural posture similar to this case. In *Meinhart*, a motorman working on the DEEPWATER HORIZON for Transocean sued other companies after the explosion, alleging that he was the defendants' Jones Act employee under the borrowed employee theory. *Meinhart*, 2011 WL 1463600, at *1. The defendants removed, arguing that the plaintiff was not a borrowed Jones Act employee and that OCSLA provided a basis for removal. The plaintiff moved to remand, arguing that his claim to be

---

[7] Even though the district court granted the motion to remand, the MDL court in New Orleans stayed the action and denied the plaintiff's motion to voluntarily dismiss two cases already consolidated before it. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex. on Apr. 20, 2010*, Civ. A. No. MDL 2179, 2011 WL 1464908, at *1, 6 (E.D. La. Apr. 15, 2011).

a borrowed Jones Act employee made the case nonremovable and that neither maritime claims nor OCSLA provided a basis for removal.  The parties disputed whether this court should address the motion to remand before transfer.  This court first noted that the motion to remand based on the borrowed employee theory involves a multifactor analysis and that courts may allow discovery for the removing parties to show that remand is appropriate.  *Id.* at *3–6.  This court next noted the "conundrum" of OCSLA removal, which created a significant possibility of inconsistent outcomes.  *Id.* at *8.  Because other cases consolidated before the MDL court in New Orleans presented similar removal issues and because the delay until the JPML determined whether to stay the case would be minimal, this court stayed the case and did not rule on the remand motion.  *Meinhart*, 2011 WL 1463600, at *7–8.

Although the facts of these cases have some differences from *Meinhart* — including that the consequences of the explosion are alleged to be far more severe  for these plaintiffs than they were for the plaintiff in *Meinhart* — and the procedural posture has some differences — including the in-state defendant issue present in these cases but not in *Meinhart* — these differences do not affect the outcome.  As in *Meinhart*, the plaintiffs here proceed under a borrowed-employee theory of Jones Act liability.  The defendants argue that the plaintiffs' Jones Act claims are improperly pleaded and that the OCSLA provides a basis for removal.  These issues are complex and their resolution is uncertain.  These issues are common to other cases already pending before the MDL court, including *Meinhart*, and are likely to arise again.  As a result, these issues should be decided by the court overseeing the related cases on a coordinated basis.  *Id.* at *8; *Worldcom*, 244 F. Supp. 2d at 905; *In re Penn Cent. Sec. Litig.*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971) ("A stay of proceedings . . . may be appropriate . . . to avoid inconsistent judicial rulings."); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 (2004) ("A stay pending the Panel's decision can increase

7

efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

Staying pending the JPML's decision will likely involve little delay.  The JPML has already conditionally ordered transfer, to which the plaintiffs have objected.  *See Kennedy v. Novartis Pharm. Corp.*, No. 02–2331, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2001) (MDL panel had already ordered a conditional order of transfer; court anticipated a three- to four-week delay); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99–5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (MDL panel hearing only one week away); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (MDL panel had already ordered a conditional order of transfer).  The plaintiffs will be not be unduly burdened by the delay in beginning discovery; they were prepared to refrain from seeking merits discovery until after the initial conference scheduled for November 2011.  (Docket Entry No. 10, at 16).

The plaintiffs advance one argument not addressed in *Meinhart*.  They argue that even if OCSLA provides a basis for federal removal jurisdiction, the forum-defendant rule, which prevents defendants who are citizens of the state in which a case is filed from removing to federal court, applies.  This argument is intertwined with the OCSLA issue that prompted this court to stay pending the transfer decision in *Meinhart*: whether cases falling within OCSLA's jurisdictional grant "arise under . . . the laws of the United States."  *See Meinhart*, 2011 WL 1463600, at *8.  The forum-defendant rule does not apply to cases arising under federal law.  *See, e.g.*, *Jones v. Chiarella*, Civ. No. 10-421-GPM, 2010 WL 2367382, at *1 n.1 (S.D. Ill. June 11, 2010) (citing cases); *Wooten v. Greenview Hosp., Inc.*, No. 1:10-CV-00034-TBR, 2010 WL 1742539, at *1 (W.D. Ky. Apr. 28, 2010) ("A civil action involving a federal question shall be removed without regard to the citizenship or residence of the parties . . . .").  If OCSLA provides a basis for removal, the forum-

8

defendant rule does not apply. This additional argument does not weigh against a stay.

The cases on which the plaintiffs rely are consistent with staying this case. In *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715 (E.D. Tex. 2002), it was clear that there was no basis for federal jurisdiction. *Id.* at 718–20 (noting that there was no basis to find fraudulent joinder, and even if there were, that the defendant had failed to show a sufficient amount in controversy). As noted, the existence of federal jurisdiction in this case involves complicated questions common to the cases transferred in the MDL court. Having transferor courts address these issues increases the likelihood of inconsistent outcomes on a similar set of legal and factual issues that are likely to arise in a number of cases. A stay is appropriate, pending transfer, to allow the MDL court to rule on the remand motions. In *Morales*, too, the fraudulent joinder issue was straightforward. The question was whether the seller of a product could be liable under Texas law for product defects, and the answer was clearly yes. 214 F. Supp. 2d at 725–26. The court denied the motion to remand. *Id.*

*Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004), is also consistent. The issue in that case was whether Nevada's statute of limitations had run against the nondiverse defendants, giving rise to diversity jurisdiction. The outcome depended on whether the plaintiffs had diligently investigated their claims. That issue would be decided under Nevada law. *Id.* at 679–83. The court noted that the same issue did not appear to be involved in any of the MDL cases (*Meyers* step two), and that it, as a court familiar with Nevada law, was better placed to decide the issue than the transferee court in Pennsylvania. The court addressed the remand issue, determined that the forum defendants were improperly joined, and remanded those claims to state court, retaining jurisdiction over the out-of-state defendants. *Id.* at 683–85. The fraudulent joinder issue in this case does not depend on Texas law. Whether the Transocean employees in this case were borrowed employees

of the defendants is an issue common to other cases, and it will depend largely on the defendants' overall approach to managing Transocean employees working on the DEEPWATER HORIZON. *Greene* is consistent with a stay in this case.

To the extent that the plaintiffs suggest that this court *must* decide whether to remand before staying the case or allowing the JPML to transfer, the suggestion is unpersuasive. The suggestion is based on the underlying argument that remand is required because this court lacks subject matter jurisdiction. But while the absence of subject matter jurisdiction prevents a court from reaching a case's merits, a court may transfer a case without first determining whether it has subject matter jurisdiction over the case. *See, e.g., In re LimitNone, LLC*, 551 F.3d 572, 577–78 (7th Cir. 2008) (holding that the district court did not abuse its discretion by transferring a case without first considering whether subject matter jurisdiction existed). This argument does not prevent this court from staying the case, before deciding the remand motion, pending the decision on transfer to the MDL court.

## IV.   Conclusion

The motion to stay pending the JPML's decision whether to transfer is granted.

SIGNED on July 25, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

10